Okay, this is our third case this morning. It is Wade v. Wal-Mart. That's case number 4141067 for the appellant David Moore for the affilee Elizabeth Bartolucci. You may proceed, Mr. Moore. Thank you, Your Honor. The issue before this court is whether the trial court erred in ruling as a matter of law that the plaintiff felon was open and obvious as a matter of law. We start with the general proposition that the summary judgment which the court entered is a drastic means of disposing of litigation and should be entered only when the right of the moving party is clear and free from doubt. Now, the plaintiff in this case, Leslie Wade, alleged that the defendant was negligent in allowing a dangerous condition on their premises. And a possessor of land is subject to liability for allowing a dangerous condition on their land if they can discover the condition and should expect that people on the premises will not discover the condition and fail to exercise reasonable care to remedy that condition. Now, the defendant argued that the plaintiff testified in her deposition that had she been looking down as she was traveling across the parking lot, she would have seen the hole. And had she seen the hole, she would have avoided it. That's not what she testified. What she testified to was had she been looking down, she might have seen the hole, possibly have seen the hole. Well, counsel, wasn't the question posed to her, would it be accurate to state that if you had looked down as you were trotting towards your truck after dropping off your cart that you would have avoided the hole had you seen it? So I don't think you quite stated it exactly correctly. And she said yes. I believe she testified it is possible she could have seen the hole. I don't believe she testified she would have seen the hole. I'm pretty sure that that was what her testimony was. She cannot say that she would have seen the hole had she been looking down. I don't see how a trial court can rule as a matter of law that the condition was open and obvious when the person who was there at the time couldn't say unequivocally, yes, I would have seen the hole had I been looking down. And the law does not require a person to look down as they're traversing terrain. That would be ridiculous. If you're looking down all the time, then you can't see items around you. The law does not require you to engage in inappropriate behavior. In this case, I believe that the issue of whether or not the condition is open and obvious is a question of fact for the jury. Their case law is replete with cases where courts have been reluctant to rule that a condition is open and obvious as a matter of law. I cited them in our brief, one of which was Steinhauer v. Arne Bauer Cadillac. In that case, the plaintiff was directed to a seat in the dealership. She sat down, hit her head on an open ledge. It was pretty clear that you could see the ledge. But she was there at the defendant's insistence engaging in activities that the defendant wanted her to engage in. The trial court entered a summary judgment that the condition was open and obvious. The telecourt said she was not engaged in an inherently dangerous activity. She was there at the defendant's insistence doing business that the defendant wanted her to do. Therefore, we're going to let the jury determine whether or not this condition was open and obvious. That's the same situation we have here. Are you arguing that the condition here was not open and obvious? I am arguing the condition here was not open and obvious. What would have been a change in the facts that might have made it so? That made the condition open and obvious? Yes. If there was, for example, a 64-square-foot hole surrounded by trenching, that would clearly be an open and obvious condition. Where you've got power lines, that's also an open and obvious condition. What we have here is a parking lot at night. There was a video that was submitted to the trial court that was also submitted to this court. You can see where the plaintiff was traversing the parking lot. It's dark. There's nothing that draws her attention to this condition on the premises. She's trotting across the parking lot. Next thing, she's on the ground. There was nothing that drew her attention to this condition. She parked her vehicle. She got out, did her shopping, had the defendant's insistence, and they're in the business of having people come to their property and buy things. That's what they want people to do. So they have an obligation to make certain that their premises are maintained in a reasonably safe condition. What we're asking is for this court to reverse the trial court and have the jury determine whether or not this condition on their premises was open and obvious or dangerous. We believe it was dangerous, it was not open and obvious, and the trial court was incorrect in granting summary judgment. Thank you. Thank you. We'll have rebuttal. Ms. Bartolucci, please proceed. Thank you. May it please the Court, counsel. Your Honors, I think first to clarify the question on the testimony, there were two portions of the testimony that I think Your Honor was referring to and counsel was referring to. One question posed to the plaintiff was whether it was possible to see the defect and she acknowledged she could have possibly seen the defect. I think a reasonable inference from that testimony is that nothing prevented her from seeing it. And that is in contrast with cases like the Adelke case where there was a professional engineer who said there was not enough contrast between a curb and a parking lot and the level surface of the parking lot. And as a professional engineer, he believed that made the difference in elevation too difficult for a person to comprehend or to apprehend. So this is a case where the plaintiff, though, had testified, nothing prevented her from seeing the hole if she had looked down. So then the second question that was the follow-up question was if you had seen it, could you have avoided it, would you have avoided it, and she said yes. So I think that answers your question regarding the testimony. But so I think it is significant that the plaintiff acknowledged she could have seen it. Nothing prevented it from being visible, unlike some of the cases where there are slight elevations in floor mats, slight elevations in curbs from parking lots. This was an opening in a parking lot, and hopefully Your Honors had the opportunity to view the video and could see the parking lot on this evening was relatively empty. There were no cars directly next to the plaintiff's vehicle. She was parking two spaces from a light post, so the area was relatively well lit. There were no patrons or other cars that crossed her path. So I think the evidence showed quite clearly that there was nothing that prevented her from seeing it had she simply looked down. And I agree, the law doesn't require people to constantly look down. However, that also doesn't automatically put a burden on a defendant or a possessor of land to flash warning signs to something that a person could see had they just looked down. And I think the Bruns case, which came out very closely to the summary judgment hearing in this case, is a good example of that. It's an extremely open and obvious condition, a defective sidewalk caused by uprooted tree branches. The plaintiff was well aware of, and her only testimony was, you know, I was looking toward where I was going, the door, which is perfectly reasonable, but it didn't impose a duty on the landowner in that case. So the other question that the court went to, which was, what would make the condition open and obvious, I think, you know, counsel attempts to pose that as a question of fact. However, I think it's important to note that the only evidence the jury is going to see is essentially what you've been able to see. The plaintiff took photographs of what she contends is the hole she fell into. There's surveillance video, which unfortunately is not very helpful as far as showing the hole itself. And there's the plaintiff's testimony. So unless she changes her testimony at trial, a jury will have only what your honors have seen and what the trial court has seen. And I think it would really impose too much of an obligation on a jury to determine whether the hole was open and obvious. And that's why the open and obviousness and the question of a duty is often placed on the court, because it can be determined as a matter of law if there's no dispute regarding the physical nature of the condition. Here, the plaintiff filed her complaint in November of 2011. The defendant's summary judgment motion wasn't filed until September of 2014. So there was almost three years during which the plaintiff could have conducted discovery to present more evidence regarding the openness and obviousness of this condition. All that we moved on was the plaintiff's own testimony. Knowing the heavy burden on summary judgment, we didn't want to present any conflicting evidence. Our pleadings do deny the existence of a hole whatsoever. However, the pleadings will be taken in the light most favorable to the plaintiff, as will the evidence. So we, in our summary judgment motion, focused exclusively on the plaintiff's evidence so that you could take that most favorably in her favor. If the case went to the jury solely on that evidence, which we know it won't, more evidence will come in from the defense at a jury trial. But if it went to trial solely on the plaintiff's evidence, it's simply not enough. And the jury shouldn't be asked to conclude the open and obviousness question, primarily because there's no dispute in the summary judgment filings regarding the physical nature of the defect. We accepted, for purposes of the summary judgment motion, that the plaintiff's description was 100% true and accurate, her testimony was true and accurate, and there was no conflicting testimony. So I believe in those circumstances, and the case law holds, that if there's no dispute regarding the physical nature of the defect, the court can rule as a matter of law whether the condition was open and obvious. And to do that, you have the plaintiff's own description of it, as being a couple of feet long, a few inches deep, and then her acknowledgment that if she had seen it, she would and could have avoided it. I think those are sort of critical factors, and I noted the trial court went to some length to compare this case to the Ward v. Kmart case, and noting, though, that he couldn't apply Ward here, because there was a distraction exception, and the plaintiff was carrying a large mirror, which prevented him from avoiding a rather open and obvious condition. Here, as our brief indicates, there is no evidence of distraction. Plaintiff herself acknowledged nothing interfered with her ability to walk toward her car and observe her surroundings. Did you dispute at all the plaintiff's characterization of the hole? No, we did not. And I think that's very significant. I think for that reason alone, there's nothing a jury can decide. I do think it's an appropriate question to be decided as a matter of law for that very reason. We don't contest the physical nature of the hole for purposes of summary judgment. And we are fully willing to allow the court to accept, as it would, the plaintiff's testimony as true. And we ask that the judgment be affirmed. We think the trial court made the correct ruling. And this would not be a good case for a jury. They don't have anything to see other than what you've seen, and I think the plaintiff's testimony establishes, as a matter of law, that the condition was open and obvious and avoidable. Okay. Thank you very much. Thank you. Do you have a rebuttal? I do. Okay. I would like to cite the testimony that is at issue here. It's in the supplemental appendix lines 7 through 17, questions with regards to what my client testified to. The question was, okay, would it be accurate to state that in the event that you had been looking down when you were trotting back to your truck after dropping your cart at the corral, that you would have seen the hole? Her answer, it is possible. The next question, would it be accurate to state that if you had looked down as you were trotting towards your truck after dropping off your cart, that you would have avoided the hole had you seen it? Yes. That testimony raises, I believe, a classy question of fact. It's possible she could have seen it. It's possible she could not have seen it. The restatement, which the Supreme Court of Illinois adopted in Dibert, speaks about in its committee comment, obvious means that both the condition and the risk are apparent to you that it would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence, and judgment. Why doesn't that apply here? Why isn't the hole as described by your client obvious? It depends upon whether you're looking straight down at it. You need, you cannot simply take. There's no requirement here that you have to be looking straight down. I mean, it's a matter of exercising ordinary, would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence, and judgment. As you walk, we don't have to always stare down, but there is a sense of reasonable judgment that you're aware of where you're walking, isn't there? That is true. I would also ask your Honor to keep in mind that this is black asphalt at night with a subtle crumbling hole. Now, that is substantially different than a 64-square-foot, 8-foot precipice that you walk off of. That's clearly open and obvious. This, I believe, is not open and obvious, and it should be a question for the jury to determine. You also argue about as if it depended upon the plaintiff's subjective awareness, and there's a lot of case law dealing with the objective knowledge of a reasonable person, not the plaintiff's subjective perception. What about that? I still believe, I agree with you. You're looking at an objective situation. Objectively, is it reasonable for a person to be walking across a parking lot at night where there's a subtle, cracked asphalt parking lot that's black at night? Is it reasonable for that person to observe and see that there might be a hole there? I don't believe so. I believe that that clearly is a question for the jury to determine. Thank you, Your Honor. Thanks to both of you. The case is submitted. The court stands in recess until after lunch.